IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>OFFICER WOOSTER #1863, OFFICER BARONE #1853, LANCASTER COUNTY DEPARTMENT OF CORRECTIONS and OFFICER BEN SKINNER/BEN SKINNER/DEPUTY SKINNER #959,<br><br>　　　　　Defendants. | 4:24CV3038<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff Brendan Welch, a non-prisoner proceeding pro se, filed a Complaint on February 16, 2024.  Filing No. 1.  Leave to proceed in forma pauperis was granted on February 27, 2024.  Filing No. 5.  Plaintiff sought and was granted leave to amend his Complaint, *see* Filing Nos. 6 and 12.  However, as Plaintiff never filed an amended complaint and the time to do so has passed, in accordance with this Court's prior order on October 23, 2024, the Court now conducts an initial review of the Complaint at Filing No.1 to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).  Filing No. 12 at 2.

　　　　For the reasons set forth below, defendant Lancaster County Department of Corrections shall be dismissed from this matter and Plaintiff shall be granted leave to amend his Complaint against the remaining defendants in accordance with this Memorandum and Order.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint brings claims for Fourth Amendment violations, harassment, and illegal questioning without an attorney present against Lincoln City Police officers Wooster and Barone, a Lancaster County Department of Corrections officer, Skinner (collectively the "Officer Defendants"), and the Lancaster County Department of Corrections ("LCDC"). Filing No. 1. Plaintiff's claims stem from what Plaintiff believes was his wrongful arrest which occurred just outside the Lancaster County Courthouse at 575 S. 10th Street, Lincoln, Nebraska, on January 26, 2024, between 10:30 and 11 p.m. Id. at 11. Specifically, Plaintiff alleges that multiple officers including defendants Wooster and Barone illegally searched his papers and property and ultimately arrested him while he was outside of the courthouse, confiscating various food items in the process without a warrant, and transporting him to the Lancaster County Jail where he was booked by officer Skinner and at some point was questioned without counsel. Id.

Plaintiff alleges that because of his arrest he suffered mental distress, that during the transportation process his circulation was "cut off," and that during the booking process his buttocks were touched. Id. at 12. Plaintiff seeks $95,050 in compensatory and mental distress damages and for the Officer Defendants to be punished.[1] Id.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e). The

---

[1] In the context of a 42 U.S.C. § 1983 action, punishment comes in the form of punitive damages. See Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 306 n. 9 (1986) (Punitive damages are awarded to "punish the defendant for his [or her] willful or malicious conduct and to deter others from similar behavior.").

Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Plaintiff brings Fourth Amendment, general harassment claims, and a claim of illegal questioning without an attorney present under 42 U.S.C. § 1983 against the LCDC as well as officers Wooster, Barone, and Skinner as defendants in their individual and official capacities. Filing No. 1. For the reasons that follow, none of Plaintiff's claims may proceed as pleaded.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

3

As an initial matter, the LCDC cannot be sued under § 1983. *Jung v. St. Charles Cnty. Dep't of Corr.*, No. 4:08-CV-659 CAS, 2008 WL 2277514, at *2 (E.D. Mo. May 29, 2008) (citing *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 81 (8th Cir.1992) (departments or subdivisions of local government are "not juridical entities suable as such")). As such, the LCDC must be dismissed from this action.

Plaintiff sues the Officer Defendants in their official and individual capacities. Filing No. 1 at 9–10. Where claims are made against public officials such as police officers in their official capacities such claims are construed as filed against the officers' employing entity, which here is the City of Lincoln (Wooster and Barone) and Lancaster County (Skinner). *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

To prevail on a claim against either the City of Lincoln or Lancaster County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively,

a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700).  A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability.  *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff's Complaint contains no allegations from which it may reasonably be concluded that the City of Lincoln or Lancaster County violated Plaintiff's rights as the result of an official policy, an unofficial custom, or a failure to train and supervise.  As such, Plaintiff's claims against the Officer Defendants in their official capacities should also be dismissed as pleaded.

As to the remaining claims against the Officer Defendants in their individual capacities, the Complaint contains insufficient factual allegations from which this Court may reasonably infer that any defendant violated Plaintiff's rights under the United States Constitution or federal statutes.  Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S.

5

89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). However, it is impossible to determine if Plaintiff has any means to proceed against the Officer Defendants for any of his claims.

For example, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The touchstone of the Fourth Amendment is reasonableness." *Samson v. California*, 547 U.S. 843, 855 n. 4 (2006). "Whether a search is reasonable, however, 'is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *Id.* at 848 (quoting *United States v. Knights*, 534 U.S. 112, 118–119, n. 6, (2001)). Warrantless arrests and detentions can be unconstitutional under the Fourth Amendment if subject to unreasonable delay. *County of Riverside v. McLaughlin*, 500 U.S. 44, 53, 56 (1991). But "seizure[s] of property from a public place after giving notice that the property would be removed renders an individual's subjective expectation of privacy in the property not objectively reasonable." *Berry v. Hennepin Cnty.*, No. 20-CV-2189 (ECT/JFD), 2024 WL 3495797, at *14 (D. Minn. July 22, 2024) (collecting cases).

Here, Plaintiff simply alleges that he was outside of the Lancaster County Courthouse at around 10:30 p.m. when he was questioned, searched, and ultimately taken into custody by defendants Wooster and Barone and then concludes that their actions constituted general harassment, illegal questioning without counsel, and multiple violations of the Fourth Amendment. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wit v. City of*

*Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

Plaintiff's conclusory statements are far from the only deficiencies in his Complaint. In piecing together Plaintiff's scant factual allegations it appears to this Court that perhaps Plaintiff was homeless and attempting to sleep or otherwise "camp" on or next to the Lancaster County Courthouse when the events at issue in the Complaint occurred. However, this Court cannot make such presumptions or otherwise attempt to fill in the blanks which Rule 8 requires Plaintiff to provide.  Indeed, Plaintiff does not indicate what he was doing when officers Barone and Wooster approached him, their stated purpose for his arrest, how long he was detained for, if he was criminally charged because of the events of January 26, 2024, of if he had been previously notified by law enforcement to leave the area.  Plaintiff does not explain when he was questioned, the nature of the questions, where he was, or any other information to determine if a right to counsel attached.[2]  He also does not explain how he was restrained or who restrained him causing him to lose circulation in an undescribed location, nor does he explain who touched his buttocks or when.  In fact, aside from stating that defendants Wooster and Barone were involved in his detention and Skinner's involvement in his booking, there are no facts connecting any of the Officer Defendants to any of Plaintiff's claims.

For these reasons as pleaded, Plaintiff's Complaint fails to state a plausible claim for relief against the Officer Defendants in their individual capacities.  See *Krych v. Hvass,*

---

[2] While an accused has a Fifth and Fourteenth Amendment right to have counsel present during a custodial interrogation, *Edwards v. Arizona*, 451 U.S. 477, 482 (1981), Plaintiff's Complaint lacks any facts which would establish if such rights were violated.

83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding a court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption). Therefore, Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

However, while the Court shall dismiss defendant Lancaster County Department of Corrections from the proceeding, on the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief against any or all of the remaining defendants in their official and/or individual capacities which clearly explains what each defendant did to Plaintiff, when defendants did it, and how defendants' actions harmed him. Plaintiff is advised that any amended complaint he files will supersede his original Complaint and that a failure to amend his Complaint will result in dismissal of his Complaint in its entirety.

IT IS THEREFORE ORDERED that:

1. All claims against defendant Lancaster County Department of Corrections are dismissed with prejudice. The Clerk of Court is directed to terminate Lancaster County Department of Corrections as a party in this case.

2. Plaintiff shall have until **January 13, 2025,** to file an amended complaint that clearly states a claim or claims upon which relief may be granted against any or all remaining named defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint by the January 13, 2025, deadline to do so, this matter will be dismissed without further notice.

3.	The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4.	The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **January 13, 2025:** Check for amended complaint.

Dated this 13th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court