IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OFFICER WOOSTER #1863, OFFICER BARONE #1853, and OFFICER BEN SKINNER # 959,<br><br>　　　　Defendants. | **4:24CV3038**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Brendan Welch ("Plaintiff"), a non-prisoner proceeding pro so filed an amended complaint on January 13, 2025 (the "Amended Complaint"), Filing No. 14, in compliance with this Court's order instructing Plaintiff to file an amended complaint or his case would be dismissed due to his initial complaint's deficiencies. Filing No. 13.

The Court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Finding that it is, for the reasons set forth below, Plaintiff's case shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff's Amended Complaint brings Fourth Amendment claims of unlawful search and seizure against Lincoln police officers Barone and Wooster and Lancaster County Corrections Officer Ben Skinner in their individual and official capacities, relating to their involvement in a search, seizure, and subsequent arrest of Plaintiff on January 26, 2024. Filing No. 14 at 2–4. Of note, the claims alleged and the facts in support are almost identical to those pleaded in Plaintiff's initial Complaint. Compare Filing No. 1 at 4 with Filing No. 14 at 4.

Upon initial review, Plaintiff was informed that his initial complaint as pleaded did not comply with Federal Rule of Civil Procedure 8, which requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Filing No. 13 at 5 (citing Fed. R. Civ. P. 8(a)(2), (d)(1)). The Court then explained his claims as pleaded were clearly deficient due to the lack of factual connection between the claims and defendants, his unsupported conclusions that various constitutionally protected rights were violated, and a lack of fact supporting a policy or custom to support official capacity claims. Filing No. 13.

As a result of these deficiencies Plaintiff's case was subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B), but in lieu of dismissal, Plaintiff was given 30 days in which to file an amended complaint that states a plausible claim for relief against all defendants in their official and/or individual capacities. Specifically, Plaintiff was instructed to file an amended complaint which clearly explained what each defendant did to Plaintiff, when defendants did it, and how each defendant's actions harmed him. Filing No. 13 at 8. Finally, Plaintiff was advised that any amended complaint he filed would supersede any previously filed complaints and that a failure to file an amended complaint would result in dismissal of his case in its entirety. Id. While Plaintiff attempted to comply with this Court's order by filing an Amended Complaint, he largely failed to address the deficiencies noted in the first initial review.

The claims alleged in the Amended Complaint mirror those in his prior complaint and are recited here in their totality as follows:

> Lancaster County Courthouse-575 S. 10th St. Lincoln, NE 68508 in the airlock/breezewa[y]; as well as outside the courthouse without presentation

> of any warrant and without the consent or permission given; the illegal search/seizure took place on the hood of the cr[u]iser at 575 S. 10th Street, Lincoln, NE; transport and at Lancaster County Detention Center/Department of Corrections.
> . . . .
> I was illegally arrested or believe to be illegally arrested on Friday, 1/26/2024 between 10:30pm and 11pm by Officer Wooster and Officer Barone.  My property, artifacts and papers were illegally searched and seized by Officer Wooster and Barone.  Later, the illegal searches continued at the jail by Officer Ben Skinner.  It is all on video or should be.

Filing No. 14 at 4.

Plaintiff describes his injuries as follows:

> Intentional infliction of Emotional Distress, Mental Anguish, Loss of Enjoyment; Depression; Harassment; cut off circulation during transport from an illegal arrest; detention and incarceration without presentation of warrant or PC.  No warrant was shown; nor was any warrant issued allowing the defendants to go through my bags and property and search/seize anything; yet they did so illegally without my consent, permission and without a search or seizure warrant.  They also abused an individual; myself; with conditions involving panic and anxiety; some depression and that was sick with bi-lateral pneumonia; ignoring my requests for days until the night of the 29th.  1/29/24.

Filing No. 14 at 5.

Liberally construing Plaintiff's Amended Complaint, this is a civil rights action brought under 42 U.S.C. § 1983 to recover damages for alleged violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution by Officers Wooster, Barone, and Skinner.  Plaintiff appears to support his claims that his person and personal property was wrongfully searched and seized and that he was wrongfully taken into custody because Officers Wooster and Barone did so without a warrant.  And that a second search performed by Officer Skinner at the jail was also unlawful, apparently because it also took place without a warrant.

3

As noted in the prior initial review, by suing the defendants in their official capacities, Plaintiff in effect is suing their public employers and to prevail on a § 1983 claim against a municipality, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). However, as Plaintiff's threadbare Amended Complaint fails to even allude to any policy or custom of any municipality or any pattern of action by any municipal employees, his official capacity claims against all defendants must be dismissed. Plaintiff's individual capacity claims fare no better.

The Fourth Amendment, applicable to the States through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause ... particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The general rule is that "Fourth Amendment seizures are 'reasonable' only if based on probable cause' to believe that the

individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013) (quoting *Dunaway v. New York*, 442 U.S. 200, 213 (1979)).

However, a lack of warrant on its own does not support all Fourth Amendment claims. This is so as certain kinds of searches and seizures are valid as exceptions to the probable cause and warrant requirements. For example, under *Terry v. Ohio*, while a warrantless seizure not based on probable cause is generally invalid, an investigatory detention, defined as a brief seizure by police officers, is lawful if based on reasonable suspicion of criminal activity. 392 U.S. 1 (1968). "There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets". *Id.* at 32 (White, J., concurring). And, a search incident to lawful custodial arrest "is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that [a]mendment." *U.S. v. Robinson*, 414 U.S. 218, 235 (1973).

Here, Plaintiff simply concludes that his search, seizure, and arrest were unconstitutional because the police allegedly did so without a warrant. However, such conclusory statements do not meet Rule 8 pleading standards as"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, it is impossible to tell what rules apply to the search and seizure described in Plaintiff's Amended Complaint to determine if it was the type in which a warrant is necessary because Plaintiff failed to allege more than basic facts relating to his interactions with the defendants.

Plaintiff does not indicate what he was doing when Officers Wooster and Barone approached him, or what took place during the search and seizure and why. Instead, similar to his initial complaint, Plaintiff simply states he was outside of the courthouse, then he and his property were searched by officers Barone and Wooster, and then at some point he was arrested and transported to Lancaster County Jail where he and/or his belongings were searched again by Officer Skinner. Filing No. 14 at 4. This is nowhere near enough detail to determine if any of Plaintiff's rights were violated. As such, summary dismissal of the Amended Complaint is appropriate under 28 U.S.C. § 1915(e)(2) as Plaintiff failed to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that: Plaintiff's Amended Complaint, Filing No. 14, is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 16th day of January, 2025.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Court

6